# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JADIE HALL,<br><br>　　　　　Defendant. | Case No. 2:18-cr-00346-RFB-EJY<br><br>**Order** |

　　　　Before the Court is the government's Motion for a Protective Order [ECF No. 105]. The government seeks to prevent the Defendant, Jadie Hall, from being able to publicly disclose documents that have been presented to the Court *in camera*. These documents relate to an internal investigation by Las Vegas Metropolitan Police Department of Hall's accusation that he had $3,000 stolen by police officers involved in the traffic stop that partially initiated this case. Upon review of the record in this case and the *in camera* submission, the Court denies the motion.

　　　　Rule 16(d)(1) of the Federal Rules of Criminal Procedure permits this Court to enter a protective order if it finds "good cause" to deny or restrict discoverable material. Id.

　　　　The government has moved for the investigation documents related to the complaint filed by Hall against Detective Gregory Flores of the LVMPD for theft to be subject to a protective order which prevents their public disclosure and requires that they be returned upon the close of this case. The government argues

that the investigation resulted in a finding of no wrongdoing by Flores and therefore it would be inappropriate for such documents to be made public by Hall.

The Court finds that there is not good cause to issue the sweeping protective order sought by the government for a few reasons. First, in this case, the government's case, and its witnesses at hearings in this case have directly and publicly attacked the character and conduct of Hall. See ECF Nos. 57, 59, 61, 62, 71. In his defense, he has argued and testified under oath that the officers engaged in improper conduct, including the theft of money from his wallet. ECF No. 70. He has alleged that this occurred while he was detained by officers in this case, including Detective Flores. The *in camera* submission which the government seeks to cover by the protective order is directly related to Hall's traffic stop, search and detention in this case. The submission contains statements which provide details about the stop, Hall's questioning and subsequent actions of the officers while investigating Hall. The submission is therefore not tangential to this case or the issues raised by Hall in his Motion to Suppress and Motion to Dismiss. The Court finds that there are details in the submission which could arguably be construed to support the arguments in his motions, including potential bias and improper conduct. He is entitled to access to this submission so that he may supplement his submissions for his defense as he deems appropriate.

Second, the allegations against Hall and his asserted defense and accusations against the officers are already a part of the public record based upon submissions of the parties, hearing testimony and hearing evidence. ECF Nos. 54, 59, 61, 62, 63, 65, 66, 70. The officers involved in the stop, including Detective Flores, have already given public testimony about the details of the stop, and have testified about their potential misconduct in this case. Hall, himself, also

specifically and publicly testified already about the stop and his accusations of police misconduct. His complaint to LVMPD about the theft of his money and misconduct is already a part of the public record. The submission provides additional details about the stop and the officers' actions leading up to and after the stop. As there has already been extensive public testimony and evidence presented about the stop, subsequent search, questioning of Hall and alleged police misconduct, there is no basis to restrict public access to information that is directly related to events that are already a part of the public record.

Finally, the Court finds that the records in the submission are records that Hall is entitled to in any event, since they provide a basis for an argument of bias and misconduct in defense of the charges against him. The Court thus finds that Hall may have access to the material submitted in camera. He may supplement his public submissions regarding his motions with information from this submission.

The Court further finds that Hall need not return this submission upon the completion of his criminal case. The Court finds that these records are directly related to his criminal case and could potentially be used to argue in his defense and as part of a civil proceeding. The Court thus finds that such material is also <u>Brady</u> material subject to disclosure in any event because it is material to his guilt or innocence, and it contains impeachment material.[1] The Court further finds that the officers and/or the government were aware of the records in the submission before deciding to bring this case and make public their accusations against Hall.

---

[1] In <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963) the Supreme Court found that the government had an obligation to dislcose information or documents within its possession that were material to a defendant's innonnence or guilt. Impeachment material falls within this <u>Brady</u> obligation. <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985).

They cannot now seek to restrict his ability to openly support his defense and his public assertions with records related to the charges in this case. The motion is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that Government's Motion for a Protective Order (ECF No. 105) is Denied.

**IT IS FURTHER ORDERED** that the Defendant, Jadie Hall, shall be provided access to the *in camera* submission provided to the Court about the internal investigation of Hall's accusation of police theft of his money.

**IT IS FURTHER ORDERED** that Hall shall have until **January 29, 2021** to supplement any of his submissions with information from this material.

**DATED**: January 18, 2021.

RICHARD F. BOULWARE II
United States District Court Judge